**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATLANTIC 101, INC. | ) |
| d/b/a THE LIVING ROOM | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) Jury Trial Requested |
| | ) |
| STARWOOD HOTELS & RESORTS | ) |
| WORLDWIDE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Atlantic 101, Inc. d/b/a The Living Room ("The Living Room") complains against Defendant Starwood Hotels, Inc. as follows:

### NATURE OF ACTION

This is a trademark dispute between the owner of a restaurant, bar and lounge located on Boston's Historic waterfront operating for the past eight years under the name THE LIVING ROOM and an international hotel chain planning to come into Massachusetts and use the identical name for its lobby bar and lounge. The Living Room name and concept were conceived by John Haulk, restaurateur, and majority owner of Plaintiff Atlantic 101, Inc. Mr. Hauck conceived of the idea of a bar and lounge themed as a homey living room atmosphere. He built the business up from scratch, starting in 2002, worked with designers to create a unique ambiance and chose the name to match the ambiance he created. Plaintiff is the owner of the common law trademark THE LIVING ROOM for use with bar, lounge and restaurant services. Plaintiff is also the owner of state trademark registrations for THE LIVING ROOM.

Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood Hotels") is making plans to come to Boston and open a hotel with a lobby bar called The Living Room. Defendant's use of the identical mark in connection with similar services has caused and continues to cause consumer confusion and will divert sales away from Plaintiff. Defendant's unlawful acts are causing serious and irreparable harm to Plaintiff.

Just days away from Defendant's opening, Plaintiff seeks to stop Defendant from its infringing use of Plaintiff's trademark. Plaintiff accordingly seeks preliminary and permanent injunctive relief, a declaratory judgment confirming its rights in the trademark, and damages for, *inter alia*, trademark infringement, false designation of origin, and unfair competition in violation of the laws of the United States and the Commonwealth of Massachusetts.

## PARTIES

1. Plaintiff Atlantic 101, Inc. is a Massachusetts company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business at 101 Atlantic Avenue, Boston, Massachusetts 02110.

2. Defendant Starwood Hotels is a corporation headquartered in White Plains, New York.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and unfair competition claims). The federal claims include false designation of origin and unfair competition under the Lanham Act.

4. This Court has jurisdiction over the state law and common law claims under the doctrine of supplemental jurisdiction under 28 U.S.C. §1367. The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims.

5.     This Court has personal jurisdiction over Defendant Starwood Hotels under G.L.c.. 223A, § 2 because Starwood Hotels is conducting business in the Commonwealth of Massachusetts. This Court also has personal jurisdiction over Defendant Starwood Hotels under G.L.c. 223A, § 3 because it has committed acts of trademark infringement and other acts causing tortious injury in this Commonwealth.

6.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) and (c) because Defendant Starwood Hotels is operating in the Eastern District of Massachusetts; and under 28 U.S.C. § 1391(b)(2) because a substantial part of the infringing activity, unfair competition and other tortious acts occurred and continue to occur in Eastern District of Massachusetts.

## FACTUAL BACKGROUND

### Atlantic 101, Inc. Opens The Living Room and offers restaurant, bar and lounge services

7.     Plaintiff Atlantic 101, Inc. was formed in 1997 by majority owner and president John Hauck who is a local Boston restaurateur. Prior to forming this company, Mr. Hauck had fourteen years experience in the restaurant business.

8.     In 1997, Mr. Hauck's company, opened Atlantic 101, a seafood restaurant located at 101 Atlantic Avenue in Boston.

9.     In June 2002, with three seafood restaurants chains opening in the vicinity, Mr. Hauck decided to design and develop a restaurant, bar and lounge with a unique theme – a place where patrons could come and feel the warm and inviting atmosphere of a homey living room. He conceived of this theme with the help of focus groups, and settled on the name The Living Room as a way to distinguish his establishment from other competitors.

10.    Atlantic 101, Inc. developed plans to bring Mr. Hauck's idea to life. The staff worked with a chef to create a menu of ethnic American comfort food and worked with an advertising agency to create a logo which would reflect Mr. Hauck's "living room" concept.

3

11.     Atlantic 101's design team designed a restaurant, bar and lounge that includes overstuffed couches and chairs, occasional tables with board games where patrons can come and enjoy a homey feel for their dinner and late night experience. Plaintiff's Atlantic 101 was transformed into The Living Room, designed to replicate a cozy home atmosphere where friends could gather for food, drink and comradery.

12.     Plaintiff has invested countless hours and financial resources to develop this Living Room restaurant and lounge theme.

13.     Plaintiff operates a website which generates business for the purchase of gift certificates from all over the country and it takes reservations through its website. The LIVING ROOM Marks are used throughout the website.

14.     Plaintiff has engaged in extensive advertising and promotion to promote the concept, design, theme and restaurant and lounge services of The Living Room. This advertising includes radio advertising throughout New England, cable television advertisements during local broadcasts of NFL Sunday and Monday Football games; and maintaining a website at *www.livingroomboston.com*; and most recently use of social networking sites such as Facebook and Twitter.

15.     Plaintiff's Living Room opened its doors to the public on December 5, 2002. The concept met with immediate success, becoming a well known meeting place for residents in and around Boston as well as for tourists visiting Boston's historic waterfront area. Soon after opening, people learned of The Living Room restaurant, bar and lounge through word of mouth and free and paid publicity.

16.     Plaintiff's restaurant has been written up in countless media publications. The Living Room has received press in a variety of magazines and newspapers including *Boston*

4

*Magazine*, *Stuff at Nite*, *The Improper Bostonian*, *The Boston Globe*, *The Herald* and *Zagat Survey*. The Living Room has also been featured by the local cable television show Phantom Gourmet.

17.     Over the years, The Living Room has received a number of awards for its restaurant and lounge services.

18.     Plaintiff participates actively in the Boston community, sponsoring community and charitable events.

19.     Plaintiff has established The Living Room as a trusted name in the Boston community through advertising, sponsorships of community organizations, and by serving high quality products and services to loyal, repeat customers.

20.     Since as early as June 2002 and continuing without interruption, Atlantic 101, Inc. has used its Living Room Marks in connection with restaurant, bar and lounge services. The marks are prominently displayed on its website, promotional materials, and ads.

21.     Plaintiff owns two state registrations for the mark LIVING ROOM and LIVING ROOM plus design (collectively referred to as "The Living Room Marks").

- Plaintiff owns a registration for Massachusetts trademark, Reg. No. 71431 for THE LIVING ROOM for use in connection with "restaurant, bar and lounge services."

- Plaintiff also owns a registration for Massachusetts trademark, Reg. No. 71445 for LIVING ROOM "in black and white or any colors, including yellow chairs on red background with black type in any arrangement" for use in connection with restaurant, bar and lounge services:

5



22.     Plaintiff's trademark registrations constitute constructive notice to Defendant of Plaintiff's ownership of THE LIVING ROOM Marks in connection with the goods and services identified in its registration.

23.     On information and belief, Defendant had actual notice of Plaintiff's trademarks by letter dated June 18, 2009, from Plaintiff to Defendant.

**Defendant's Unlawful Conduct**

24.     On June 18, 2009, Plaintiff learned that Starwood Hotels was planning to come to Boston, open one of its "W" hotels and name the bar and lounge area The Living Room.

25.     On information an belief, Defendant is planning to open its doors to its hotel at 117 Stuart Street in Boston on or about October 29, 2009.

26.     On information and belief, Defendant's hotel will have a lobby bar and lounge called The Living Room.

27.     Defendant is advertising its Living Room bar on its website home pages.

28.     Defendant's use of The Living Room mark is identical to Plaintiff's Marks.

29.     Defendants' use of The Living Room mark is likely to cause confusion in Boston.

30.     Although Defendant's location is not even open for business yet, actual confusion has occurred.

31.     Plaintiff has received various calls from people asking if it is affiliated with the Defendant's location.

6

32.     Plaintiff wrote to Defendant on June 18, 2009, and informed the Defendant of its trademark rights to THE LIVING ROOM.

33.     In response to Plaintiff's letter to cease use of Plaintiff's marks, Defendant responded by suggesting that it only intended to use The Living Room for its lobby area.

34.     Newspaper accounts of the Defendant's plans contradict Defendant's assertion that its Living Room is a lobby area. Rather, these newspaper reports indicate that the lobby bar will be a "late-night party destination."

35.     Recent media coverage of the Defendant's opening attributes Defendant's General Manager as stating that The Living Room will be most crowded at night, and that it will "create its own scene."

36.     Upon information and belief, Defendant's Living Room is likely to open any day now.

37.     On October 20, 2009, Plaintiff wrote to Defendant to demand that Defendant cease use of The LIVING ROOM mark for its Boston lobby bar and lounge.

38.     Defendant failed to response to Plaintiff's demand.

## FIRST CAUSE OF ACTION

*Unfair Competition and False Designation of Origin under the Lanham Act*
(15 U.S.C. §1125(a)(1))

39.     Plaintiff repeats and re-alleges each allegations contained in the preceding paragraphs.

40.     The LIVING ROOM mark is being used in commerce.

41.     Defendant Starwood Hotels' unlawful acts constitute use in commerce.

42.     Defendants' unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval of Defendant's services.

43.     Defendant has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

44.     Defendant's acts are causing irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to do so unless Defendant's use of the LIVING ROOM trademark and trade name is enjoined by this Court.

45.     By reason of the foregoing, Plaintiff has suffered monetary damages and loss of goodwill.

46.     Upon information and belief, Defendant's conduct as described above has been willful, wanton, reckless, and in total disregard for Plaintiff's rights.

## SECOND CAUSE OF ACTION

*Trademark Infringement in Violation of Massachusetts Law*
(G.L.c. 110H § 12)

47.     Plaintiff repeats and re-alleges each allegations contained in the preceding paragraphs.

48.     Defendant Starwood Hotels uses the unauthorized LIVING ROOM marks without the consent of Plaintiff in connection with the sale, distribution, offering for sale, or advertising of its restaurant, bar and lounge services in Massachusetts.

49.     Such use is likely to cause confusion or mistake or to deceive as to the source of origin of such services.

8

50.     Defendant Starwood Hotels' unauthorized use of the LIVING ROOM mark, as described above, constitutes trademark infringement in violation of G.L.c. 110H § 12.

51.     Defendant Starwood Hotels' unauthorized use of the LIVING ROOM mark was intended to cause confusion or mistake or to deceive.

52.     Defendant Starwood Hotels' unauthorized use of the LIVING ROOM mark caused and is likely to continue to cause substantial and irreparable injury to Plaintiff, which injury cannot be accurately computed at this time, and will continue to cause substantial and irreparable injury unless Starwood Hotel's use of the LIVING ROOM mark is immediately enjoined by this Court.

53.     Defendant's conduct as described above has been willful, wanton, reckless, and in violation of the rights of Plaintiff.

54.     By reason of the foregoing, Plaintiff has been damaged and Plaintiff is entitled to injunctive relief and damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

*Unfair Competition and Trademark Infringement in Violation of Massachusetts Common Law*

55.     Plaintiff repeats and re-alleges each allegations contained in the preceding paragraphs.

56.     Plaintiff owns and enjoys common law trademark rights in its LIVING ROOM marks which are superior to any rights which Defendants may claim to any similar marks in Massachusetts.

57.     Defendant's unauthorized use of the LIVING ROOM, and other similar marks, in connection with the sale, distribution, offering for sale, or advertising of restaurant, bar and lounge services is, and has been, committed knowingly in order to capitalize on and

9

misappropriate Plaintiff's valuable goodwill in its Marks that it has created through continuous use of the marks over the past eight years.

58.      Defendant's unauthorized use of the LIVING ROOM, and other similar marks, has caused and is likely to continue to cause confusion or mistake or to deceive consumers as to the source and origin of such services.

59.      Defendant's acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts law.

60.      Defendant's acts and conduct as set forth herein constitute unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Massachusetts law.

61.      Both Defendant and Plaintiff are engaged in trade and commerce in the Commonwealth of Massachusetts.

62.      Defendant's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and goodwill.

63.      Defendant's conduct as described above has been willful, wanton, reckless, and in violation of Plaintiff's rights.

64.      As a result of Defendant's acts alleged above, Plaintiff is entitled to damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

*Unfair Competition in Violation of G.L.c. 93A*

65.      Plaintiff repeats and re-alleges each allegations contained in the preceding paragraphs.

66.      Both Plaintiff and Defendant are engaged in trade or commerce.

10

67. The acts complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts because Defendant actually does business in Massachusetts.

68. Defendant's unauthorized use of the LIVING ROOM Mark is, and has been, committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable goodwill in THE LIVING ROOM that Plaintiff has created through long and continuous use of the LIVING ROOM marks over the past eight years. The acts alleged herein constitute unfair and deceptive practices within the meaning of G.L.c. 93A, §§ 2, 11.

69. Defendant's unfair and deceptive trade practices were knowing and willful.

70. As a result of Defendant's actions as alleged herein, Plaintiff has suffered and will continue to suffer a loss of money.

71. As a result of Defendant's violations of c. 93A as alleged above, Plaintiff is entitled to damages in an amount to be proven at trial, such amount to be doubled or trebled, and an award of reasonable attorneys' fees and costs as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Atlantic 101, Inc. respectfully asks this Court to enter judgment for it on all counts against Starwood Hotels & Resorts Worldwide, Inc. and to grant Atlantic 101, Inc. the following relief:

1. A temporary restraining order commanding Defendant Starwood Hotels & Resorts Worldwide, Inc. and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them to immediately halt using the trademark THE LIVING ROOM or any other trademarks or service marks that may be considered confusingly similar to the foregoing in connection with restaurant, bar and lounge services in Massachusetts.

2. A preliminary and permanent injunction:

11

      a.      Preventing Defendant Starwood Hotels & Resorts Worldwide, Inc. and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them, from using, displaying, advertising, copying, imitating, or infringing upon the trademark THE LIVING ROOM or any other trademarks or service marks that may be considered confusingly similar to the foregoing trademarks in connection with restaurant, bar and lounge services in Massachusetts.

      b.      Preventing Starwood Hotels & Resorts Worldwide, Inc., and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them, from unfairly competing with Atlantic 101, Inc. by using the trademark THE LIVING ROOM or any trademarks or service marks that may be considered confusingly similar to the foregoing trademarks in connection with restaurant, bar and lounge services in Massachusetts.

      c.      Ordering Starwood Hotels & Resorts Worldwide, Inc. to take down any sign or signs for their establishment using the name THE LIVING ROOM and to destroy or quarantine all previously prepared menus, business cards, and other promotional materials bearing such name for use in Massachusetts.

3.      A declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 declaring Atlantic 101, Inc. to be the owner of common law trademark rights in the LIVING ROOM mark for use with restaurant, bar and lounge services in the Commonwealth of Massachusetts superior to any trademark rights asserted by Defendant Starwood Hotels & Resorts Worldwide, Inc.

4.      Order Defendant to account and pay over to Plaintiff all gains, profits, and advantages derived from the use of the LIVING ROOM and other similar marks in the

12

Commonwealth of Massachusetts, pursuant to 15 U.S.C. § 1117, G.L.c. 110H, § 12 and other applicable law;

5.   Order Defendant to pay Plaintiff the damages which Plaintiff has sustained by reason of the conduct alleged herein;

6.   Order Defendant to pay damages totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. § 1117, G.L.c. 93A, and other applicable law;

7.   Order Defendants to pay pre-judgment interest on Plaintiff's damages is provided in 15 U.S.C. 1117 and other applicable law;

8.   Order Defendant to pay the cost of this action as provided in 15 U.S.C. § 1117 and other applicable law;

9.   Order Defendant to pay Plaintiff's attorneys' fees as provided by 15 U.S.C. § 1117, G.L.c. 93A and other applicable law; and

10.  Enter judgment in favor of Plaintiff; and

11.  Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial of any issues in this action so triable.

Dated: October 27, 2009                    Respectfully submitted,

                                           Atlantic 101, Inc.
                                           By Its Attorney,


                                           /s/Lisa M. Fleming
                                           Lisa M. Fleming, BBO No. 546148
                                           SUNSTEIN KANN MURPHY & TIMBERS, LLP
                                           125 Summer Street – 11th floor
                                           Boston, Massachusetts 02110-1618
                                           (617) 443.9292
                                           (617) 443.0004  facsimile
                                           lfleming@sunsteinlaw.com


## CERTIFICATE OF SERVICE

I certify that on October 27, 2009, a true and correct copy of this document will be served on Starwood Hotels at its address for registered agent at CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110 by hand and first class mail.

                                           /s/Lisa M. Fleming


03566/00501 1162493 1

14